Edward J. LoBello, Esq.
Howard B. Kleinberg, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-0026
Telephone: (212) 239-4999
Email:   elobello@msek.com
         hkleinberg@msek.com
         jmazermarino@msek.com

*Attorneys for Francisco Paniagua, as Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**In re:**

**CFG INVESTMENT S.A.C.,**

      **Debtor in a Foreign Proceeding.**
------------------------------------------------------------------X

**In re:**

**CORPORACION PESQUERA INCA S.A.C.,**

      **Debtor in a Foreign Proceeding.**
------------------------------------------------------------------X

**In re:**

**SUSTAINABLE FISHING RESOURCES S.A.C.,**

      **Debtor in a Foreign Proceeding.**
------------------------------------------------------------------X

Chapter 15

Case No. _____

Chapter 15

Case No. _____

Chapter 15

Case No. _____

**MOTION FOR ORDER, PURSUANT TO BANKRUPTCY RULE 1015(b)
DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES**

Francisco Javier Paniagua Jara, as foreign representative (the "**Foreign Representative**") of the above-captioned foreign debtors (collectively, the "**Foreign Debtors**"), which are the subject of a proceeding commenced before the El Instituto Nacional de Defensa de la Competencia y de la Proteccion de la Propiedad Intelectual (the "**Peru Court**") pursuant to

Article 26 of the General Law of the Bankruptcy System (Law No. 27809) (the "**Peru Proceeding**"), submits this motion (the "**Motion**") for entry of an Order directing joint administration of the Foreign Debtors' Chapter 15 cases for procedural purposes only. In support of this Motion, the Foreign Representative respectfully states as follows:

### Background

1.  On the date hereof, the Foreign Representative filed Chapter 15 petitions for each of the Foreign Debtors, the *Verified Petition of Francisco Paniagua, as Foreign Representative of the Above-Captioned Debtors in a Foreign Proceeding, for (I) Recognition Of Foreign Main Proceeding Pursuant To 11 U.S.C. §§ 1515 and 1517, and (II) Relief Pursuant to 11 U.S.C. §§ 1520 and 1521* (the "**Paniagua Declaration**"). A description of the Foreign Debtors' business and the events leading up to the commencement of the Peru Proceeding and these Chapter 15 cases is included in the Paniagua Declaration, which is incorporated herein by reference.

### Jurisdiction and Venue

2.  This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

3.  The statutory bases for the relief requested herein are sections 101(2) and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Relief Requested

4.  The Foreign Representative requests entry of an order, substantially in the form attached hereto as **Exhibit A,** (a) directing joint administration of the Foreign Debtors' Chapter 15 cases for procedural purposes only, and (b) granting related relief. Specifically, the Foreign Representative requests that the Court maintain one file and one docket for all of the jointly-administered Chapter 15 cases under the case of CFG Investment S.A.C., and that the cases be administered under a consolidated caption, substantially as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

| | |
|---|---|
| **In re:** | Chapter 15 |
| **CFG INVESTMENT S.A.C., *et al.*,**[1] | Case No. _____ |
| **Debtors in a Foreign Proceeding.** | Jointly Administered |

----------------------------------------------------------------X

5.  The Foreign Representative also requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Foreign Debtors' Chapter 15 cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 15 cases of CFG Investment S.A.C. (Peru), Corporacion Pesquera Inca S.A.C. (Peru), and Sustainable Fishing Resources S.A.C. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. _____.

6.  Further, the Foreign Representative requests that the Court authorize the Foreign Debtors to utilize a combined service list for the jointly-administered cases and that combined notices be sent to all creditors of the Foreign Debtors and other parties in interest as applicable.

---

[1] The Debtors in the Peru Proceeding are CFG Investment S.A.C. ("CFGI"), Corporacion Pesquera Inca S.A.C. ("Coperinca"), and Sustainable Fishing Resources S.A.C. ("SFR").

## Basis for Relief Requested

7.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Foreign Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2). Accordingly, the Bankruptcy Code and Bankruptcy Rules each authorize the Court to grant the relief requested herein.

8.      In addition, Bankruptcy Code section 105(a) provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

9.      Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors. *See, e.g., In re OIC Run-Off Ltd. and The London and Overseas Insurance Co. Ltd.*, Case No. 15-13054 (SCC) (Bankr. S.D.N.Y. Nov. 19, 2015); *In re OAS S.A.*, Case No. 15-10937 (SMB) (Bankr. S.D.N.Y. Apr. 16, 2015); *In re Aralco S.A. – Indústria e Comércio*, Case No. 15-10419 (MKV) (Bankr. S.D.N.Y. Feb. 27, 2015); *In re Bumi Inv. Pte Ltd*, Case No. 14-13296 (MKV) (Bankr. S.D.N.Y. Dec. 30, 2014); *In re Lupatech S.A.*, Case No. 14-11559 (SMB) (Bankr. S.D.N.Y. May 28, 2014).

10.     As set forth in the Declaration, given the integrated nature of the Foreign Debtors' operations, joint administration of these Chapter 15 cases will provide significant administrative convenience to the parties in interest and this Court and its personnel. Many of the motions, hearings, and orders that will arise in these Chapter 15 cases will affect each and every Foreign Debtor entity.

11. Moreover, the existence of multi-jurisdictional international proceedings involving certain of the Foreign Debtors and other entities in the corporate structure adds additional complexity to the efficient administration of the Foreign Debtors' cases that the relief requested herein will help to ameliorate. The entry of an order directing joint administration of these Chapter 15 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will also allow the United States Trustee, the Court, and all parties in interest to monitor these Chapter 15 cases with greater ease and efficiency.

12. In addition, joint administration will not adversely affect the Foreign Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the Foreign Debtors' cases. Parties in interest will not be harmed by joint administration of these Chapter 15 cases because the relief sought in this Motion is purely procedural and is in no way intended to affect substantive rights. All creditors and other parties in interest will retain all their claims or rights against the individual Foreign Debtor entities against which they have such claims or as to which they have such rights. Finally, the Foreign Debtors submit parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 15 cases.

13. Accordingly, the Foreign Debtors submit the joint administration of these Chapter 15 cases is in the best interests of the Foreign Debtors, their creditors, and all other parties in interest.

14. This Motion includes citations to the applicable rules and statutory provisions upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Foreign Debtors submit this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

15. The Foreign Representative requests that the Court grant this Motion without notice to interested parties. In light of the nature of the relief requested, the Foreign Representative submits, and requests that this Court hold, that no further notice is required.

## No Prior Request

16. The Foreign Representative has not previously sought the relief requested herein from this or any other court.

**WHEREFORE,** the Foreign Representative respectfully requests the Court enter the proposed Order, substantially in the form attached hereto as **Exhibit A,** (i) directing joint administration of the Foreign Debtors' Chapter 15 cases, and (ii) granting related relief.

Dated: New York, New York
June 30, 2016

        MEYER, SUOZZI, ENGLISH & KLEIN, P.C.

        By:/s/*Edward J. LoBello*
           Edward J. LoBello, Esq.
           Howard B. Kleinberg, Esq.
           Jil Mazer-Marino, Esq.
        1350 Broadway, Suite 501
        New York, New York 10018
        Phone: (212) 239-4999
        elobello@msek.com
        hkleinberg@msek.com
        jmazermarino@msek.com
        *Attorneys for Francisco Paniagua, as Foreign Representative*

## EXHIBIT A

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES

Edward J. LoBello, Esq.
Howard B. Kleinberg, Esq.
Jil Mazer-Marino, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
1350 Broadway, Suite 501
P.O. Box 822
New York, New York 10018-0026
Telephone:  (212) 239-4999
Email:   elobello@msek.com
         hkleinberg@msek.com
         jmazermarino@msek.com

*Attorneys for Francisco Paniagua, as Foreign Representative*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

**In re:**

**CFG INVESTMENT S.A.C.,**

    **Debtor in a Foreign Proceeding.**
------------------------------------------------------------X

Chapter 15

Case No. _____

**In re:**

**CORPORACION PESQUERA INCA S.A.C.,**

    **Debtor in a Foreign Proceeding.**
------------------------------------------------------------X

Chapter 15

Case No. _____

**In re:**

**SUSTAINABLE FISHING RESOURCES,**

    **Debtor in a Foreign Proceeding.**
------------------------------------------------------------X

Chapter 15

Case No. _____

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 15 CASES

Upon the motion (the "**Motion**") of Francisco Javier Paniagua Jara, as foreign representative (the "**Foreign Representative**") of the above-captioned foreign debtors (collectively, the "**Foreign Debtors**") for entry of an order ("**Order**"), (i) directing joint administration of the Foreign Debtors' Chapter 15 cases for procedural purposes only, and (ii)

granting related relief, as more fully set forth in the Motion; and upon consideration of the *Declaration of Francisco Paniagua in Support of Petition for Entry of an Order Recognizing Foreign Main Proceedings and Granting Additional Relief* (the "**Declaration**"); and the Court having subject matter jurisdiction to consider the Motion and to grant the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and venue of these Chapter 15 cases and the Motion in this District is proper pursuant to 28 U.S.C. § 1410; and no notice of the Motion being required under the circumstances; and upon the Motion, the Declaration and other pleadings filed on the docket; and the Court having determined the relief requested in the Motion is in the best interests of the Foreign Debtors, their creditors, and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED in its entirety.

2. The above-captioned Chapter 15 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. _____.

3. The caption of the jointly administered cases should read substantially as follows:

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
**In re:**                                                                                    Chapter 15

**CFG INVESTMENT S.A.C., *et al.*,**[1]                                  Case No. _____

      **Debtors in a Foreign Proceeding.**                   Jointly Administered
-----------------------------------------------------------------------X

4. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Foreign Debtors to reflect the joint administration of the Foreign Debtors' Chapter 15 cases:

> An Order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 15 cases of CFG Investment S.A.C. (Peru), Corporacion Pesquera Inca S.A.C. (Peru), and Sustainable Fishing Resources S.A.C. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. _____.

5. One consolidated docket, one file, and one consolidated service list shall be maintained and kept by the Clerk of the Court.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing nor otherwise effecting a substantive consolidation of these Chapter 15 cases and this Order shall be without prejudice to the rights of the Foreign Debtors to seek entry of an Order substantively consolidating their respective cases.

7. The Foreign Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

---

[1] The Debtors in the Peru Proceeding are CFG Investment S.A.C. ("CFGI"), Corporacion Pesquera Inca S.A.C. ("Coperinca"), and Sustainable Fishing Resources S.A.C. ("SFR").

3

8.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
_____, 2016

_____
**UNITED STATES BANKRUPTCY JUDGE**
